**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **BRANDON IRVING NICHOLS,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.  6:23-CV-00285-JDK** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WOOD COUNTY SHERIFF'S OFFICE,** | § | |
| **WOOD COUNTY DETENTION** | § | |
| **CENTER,** | § | |
| | § | |
| **Defendants.** | | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On June 5, 2023, Plaintiff Brandon Nichols, an inmate at the Wood County Jail, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) This case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the action. (Doc. No. 2.) Despite being ordered to do so, to date, Plaintiff has neither paid the statutory filing fee nor filed a motion to proceed *in forma pauperis*. (Doc. No. 4.)

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain

1

language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement.  *Id.*

### A.  Plaintiff's Complaints

In his original complaint, Plaintiff sued the Wood County Sheriff's Department, the Wood County Detention Center, and an individual identified as Louis Dahlman, who appears to be a

lieutenant in the Wood County Jail. (Doc. No. 1.) The court reviewed the initial complaint, and on

June 23, 2023, issued an order to amend noting that:

> Plaintiff presents a cryptic and largely unintelligible complaint asserting that unnamed officers do not have a law library, have not attended the police academy, and are from other states, and they are "battering the American citizens until the citizen conveys guilt." He contends that states waive their right to sovereign immunity by sharing data from state to state and the officers don't know various rights of citizens such as ecclesiastical, essential, fundamental, constitutional, conjugal, "oxyogenic," and organic rights. Plaintiff claims that he has not been "convicted with my name of the face of the conviction" but he is prevented from going to church, eating a Biblical diet of vegetables, having sex, having firearms, and speaking freely. Although he appears to name Louis Dahlman as a defendant, Plaintiff asks for relief that surcharges be awarded to Dahlman. He also asks that the State of Texas be ordered to destroy the records in all matters involving him; he lists his name four times, twice with a birthdate of August 26, 1986, and twice with a birthdate of August 26, 1989.

(Doc. No. 3.)

The court notified Plaintiff that these allegations lacked specificity and failed to set forth

any coherent basis for a meritorious claim. *Id.* at 2. As a result, the court ordered Plaintiff to file

an amended complaint on the court's standard § 1983 form within 30 days of the receipt of the

court's order addressing the deficiencies outlined in the court's order. *Id.* Plaintiff acknowledged

receipt of the court's orders on June 26, 2023. (Doc. No. 6.)

Plaintiff did not timely file an amended complaint in accordance with the court's order but

instead filed two "writs of right." (Doc. Nos. 7, 8.) The first filed writ does not state a claim or

address any of Plaintiff's allegations in the matter, but instead states that Plaintiff did not consent

to proceed before a Magistrate Judge in this matter and requests recusal of the undersigned. (Doc.

No. 7.) Although Plaintiff has filed a notice saying that he does not consent to the use of a

Magistrate Judge in his case, a referral to the Magistrate Judge for pre-trial and preliminary

proceedings only does not require the consent of the parties. *Newsome v. EEOC*, 301 F.3d 227,

230 (5th Cir. 2002).

The second "writ of right" states merely that it has affixed evidence of "fraud" and "gross negligence." (Doc. No. 8.) The attachments include a litany of grievances filed with the Wood County Detention Center without specifying any federal claim that Plaintiff intends to assert in this matter and against whom. (Doc. No. 8-1.) As such, these additional filings fail to state a federal claim and fail to provide a meritorious basis for any of Plaintiff's purported claims asserted in this matter. Plaintiff's allegations remain woefully deficient and largely incomprehensible. Plaintiff has failed to allege a factual basis for which the named Defendants could be sued pursuant to § 1983 and has failed to meet the requirements of Rule 8. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("[t]o establish a cause of action under § 1983, [] a party must [] show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States") (internal quotations omitted); *see Twombly*, 550 U.S at 545 (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684–85 (applying *Twombly* generally to civil actions pleaded under Rule 8).[1] Because Plaintiff has failed to state a claim upon which relief can be granted, his complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Having conducted screening pursuant to § 1915A, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). As Plaintiff has already been given an opportunity to amend and has pleaded his "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The dismissal of this action counts as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir.

---

[1] Plaintiff's submissions further fail to comply with the court's order as they were not submitted on a standard § 1983 form, which was provided to Plaintiff, and fail to comply with the court's clear direction on how his claims should be presented so that they could be better understood. (Doc. No. 3.)

1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015). Accordingly, it is **RECOMMENDED** that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 28th day of August, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE